Grant Joseph Savoy, Esq. CSB# 284077
1800 Century Park East, Suite 600
Los Angeles, CA 90067
Phone 213 840 7234
Email gsavoy@thesksfirm.com

Attorneys for Plaintiff Joseph Robert Giannini



FILED
AUG 15 2012
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT FOR CALIFORNIA

JOSEPH ROBERT GIANNINI,

    Plaintiff,

vs.

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, CHIEF JUDGE JAMES WARE, WILLIAM ALSUP, EDWARD M. CHEN, SUSAN Y. ILLSTON, RICHARD SEEBORG, JEFFREY S. WHITE, SAUNDRA BROWN ARMSTRONG, PHYLLIS J. HAMILTON, CLAUDIA WILKEN, EDWARD J. DAVILLA, LUCY KOH, YVONNE GONZALEZ ROGERS,

    Defendants.

Case No.: C12-4289

COMPLAINT FOR A DECLARATORY JUDGMENT VACATING THE 1999 PRE-FILING ORDER ISSUED BY JUDGE SUSAN Y. ILLSTON AND INJUNCTIVE RELIEF PROHIBITING ITS ENFORCEMENT UNDER THE FIRST AMENDMENT;
1. PETITION CLAUSE;
2. PRIOR RESTRAINT DOCTRINE;
3. OVERBREADTH DOCTRINE;
4. VIEWPOINT & CONTENT DISCRIMINATION; and
5. FIFTH AMENDMENT DUE PROCESS
(28 U.S.C. § 2201)

## JURISDICTION & VENUE

1. This Court has jurisdiction under 28 U.S.C. § 1331. Venue is appropriate as defendants' principal office is in San Francisco, California. While legal citations are generally not necessary in Notice Pleading, Plaintiffs must "plead sufficient factual matter to show a violation of Plaintiff's' constitutional rights." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1948-49 (2009). Plaintiff will thus plead specific facts as well as the citations supporting a violation of his constitutional rights.

## PARTIES

2. Plaintiff JOSEPH ROBERT GIANNINI is a member of the bar of the Northern District of California, the Ninth Circuit, U.S. Supreme Court and many other federal courts.

3. Defendants are the UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, and the active judges thereof including CHIEF JUDGE JAMES WARE, WILLIAM ALSUP, EDWARD M. CHEN, SUSAN Y. ILLSTON, RICHARD SEEBORG, JEFFREY S. WHITE, SAUNDRA BROWN ARMSTRONG, PHYLLIS J. HAMILTON, CLAUDIA WILKEN, EDWARD J. DAVILLA, LUCY KOH, YVONNE GONZALEZ ROGERS.

## FACTS

4. Plaintiff while serving as counsel challenged the State of California's *pro hac vice* admission rule under the Privileges and Immunities Clause, Fourteenth Amendment, Due Process Clause, and the First Amendment. District Judge SUSAN Y. ILLSTON dismissed these genuine claims under Rule 12(b)(6). *Paciulan v. George* 38 F.Supp.2d 1128 (N.D.Cal. 1999) This was the first published civil case challenging the constitutionality of the State of California's *pro hac vice* admission rule.

5. Judge SUSAN Y. ILLSTON also issued a pre-filing Order in *Paciulan v. George* against plaintiff, while serving as counsel, barring plaintiff from filing any further challenge to any California bar admission rules, as an attorney representing others or as an individual, without first obtaining her Chief Judge's permission.

6. Judge ILLSTON cited for the basis of this pre-filing Order Fed. Rule of Civ. Proc. 11, the Court's inherent authority, *Moy v. US,* 906 F. 2d 467 (9th Cir. 1990), and plaintiff's having filed other unsuccessful challenges to California's licensing rules for sister-state attorneys, and two other cases where Rule 11 sanctions were issued against plaintiff for challenging California licensing rules for sister-state attorneys. *Ibid.* at 1144-46 Judge ILLSTON did not hold the claims presented were a *sham*, either objectively or subjectively.

7. The Ninth Circuit affirmed. *Paciulan v. George*, 229 F.3d 1226 (9th Cir. 2000. It held,

"Appellants challenge it in their reply, contending that their suit advances genuine, nonfrivolous arguments and that the sanction amounts to censorship.[fn4] Because the issue was not raised in Appellants' opening brief and appellees had no opportunity to counter Appellants' argument, the issue has been waived." *Ibid.* at 1230.

8. This was the first published civil Ninth Circuit decision challenging the constitutionality of the State of California's *pro hac vice* admission rule. The Ninth Circuit did not impose sanctions against plaintiff. It did not hold the claims argued by plaintiff were not genuine. It did not holed the claims presented were a *sham*.

9. Subsequently, in *US v. Walters,* 309 F. 3d 589, 592 (9th Cir. 2002) the Ninth Circuit reversed a California District Judge for mechanically applying an identical federal *pro hac vice* rule in the criminal context. It concluded:

A defendant's right to the counsel of his choice includes the right to have an out-of-state lawyer admitted pro hac vice." *United States v. Lillie*, 989 F.2d 1054, 1056 (9th Cir.1993) (citation omitted), overruled on other grounds by *United States v. Garrett*, 179 F.3d 1143 (9th Cir.1999). "[A] decision denying a pro hac vice admission necessarily implicates constitutional concerns." *Panzardi-Alvarez v. United States*, 879 F.2d 975, 980 (1st Cir.1989)

10. These cases cited by the Ninth Circuit in *Walters* were earlier cited by plaintiff in his challenge to California's *pro hac vice* admission rule that Judge ILLSTON held was frivolous. The subject California *pro hac vice* rule challenged in *Paciulan v. George* was virtually identical to the *pro hac vice* rule argued in *US v. Walters*, where the Court held the defendant's constitutional right to counsel was violated. Both of these challenges to a virtually identical *pro hac vice* admission rule involved an out-of-state attorney with offices in California.

11. Subsequently, in *US v. Gonzalez-Lopez*, 547 U.S. \_\_\_, 126 S. Ct. 2557 (2006), the Supreme Court held the denial of a defendant's right to out-of-state counsel admitted *pro hac vice* is reversible error *per se*. The Supreme Court's decision in *Gonzalez-Lopez* and the Ninth Circuit's decision in *US v. Walters*, both filed after *Paciulan v. George* were decided in 1999,

cast a considerable shadow on the constitutional validity of California's *pro hac vice* admission rule under the First Amendment, the overbreadth doctrine, and the Sixth Amendment.

12. As noted above, the Ninth Circuit in affirming Judge ILLSTON's 1999 pre-filing Order did not find plaintiff's conduct in challenging the constitutionality of California's *pro hac vice* rule frivolous or sanctionable. This was the first published civil decision directly challenging California's *pro hac vice* admission rule. The holdings in *Gonzalez-Lopez* and *Walters* demonstrate plaintiff's advocacy and constitutional challenges of California licensing rules for out-of-state attorneys were far from frivolous.

13. After the entry of the pre-filing Order, plaintiff lobbied with the assistance of former State Senator Bill Morrow the California Legislature to enact SB 1782 (2000) 99-0 law calling for the California Supreme Court to adopt admission on motion privileges for sister-state attorneys. Plaintiff was joined in his advocacy before the California legislature by United States District Judge ANDREW J. GUILFORD, who at that time was the President of the State Bar of California.

14. Judge ILLSTON entered this pre-filing Order not because plaintiff's arguments were frivolous or fanciful, but because she wanted to censor his advocacy and general viewpoint "that one bar exam is more than enough." This fact is inescapable because Judge ILLSTON served as a representative and agent for the California Supreme Court when she was in private practice. *See The Final Report of the Commission on the Future of the Legal Profession and the State Bar of California* (Apr. 1995). This Commission was composed of a diverse blue-ribbon panel of 30 California lawyers and judges including the Hon. CRUZ REYNOSO, several former presidents of the California State Bar; and many attorneys that were subsequently appointed as federal judges including the Hon. MARSHA BERZON, and the Hon. ANDREW J. GUILFORD. This *Commission* unanimously recommended that California adopt reciprocal admission on motion for experienced attorneys licensed in another state for three years. This *Commission* further unanimously recommended the United States District Courts in California adopt admission on motion for experienced attorneys. This *Commission* recommended the same relief plaintiff earlier petitioned for that Judge ILLSTON cited as a ground for the pre-filing Order. Moreover,

COMPLAINT - 4

the American Bar Association and the Conference of Chief Justices have further specifically endorsed bar admission on motion for all experienced sister-state attorneys.

15. Judge ILLSTON, when confronted with plaintiff's advocacy for the same relief she had advocated as an attorney and fiduciary agent of the California Supreme Court, had a discomforting conflict of interest. She decided the best way to avoid this conflict (cognitive dissonance) is to suppress plaintiff's advocacy now and forever. As in *Romer v. Evans*, 517 U.S. 620 (1996) where the State of Colorado unlawfully targeted homosexuals in order to "prohibit all legislative, executive or judicial action at any level of state or local government designed to protect" homosexual persons or gays and lesbians, Judge ILLSTON has unlawfully targeted plaintiff in her pre-filing Order in order censor plaintiff's advocacy for championing locally unpopular claims on behalf of sister-state attorneys.

16. Plaintiff has been and continues to be irreparably handicapped as a result of this 1999 pre-filing prior restraint. Plaintiff has twice been denied his First Amendment rights to file lawsuits and champion locally unpopular claims on behalf of sister-state attorneys because of Judge ILLSTON's pre-filing Order. An attorney's reputation is his stock in trade. This pre-filing Order punishment for genuine litigation petitioning conduct is often trotted out by attorneys opposing plaintiff's advocacy in California and all over the United States. It is a Sword of Damocles hanging over plaintiff's head. Moreover, as in *Romer v. Evans* where gays and lesbians were targeted and denied their rights to petition to advocate for their rights, this pre-filing injunction further irreparably injures plaintiff's clients, associates, and other members of the bar who seek the same equal reciprocal admission on motion privileges in California that 40,000 other American lawyers have been provided in the last five years in 39 States and the District of Columbia. This pre-filing Order censorship, as if time could be made to stand still, has caused a multiplication and duplication of judicial proceedings because attorneys who have been barred from associating and petitioning with plaintiff have been required to find substitute counsel, or represent themselves. Additionally, Judge ILLSTON continues to censor plaintiff's advocacy by self-assigning herself to decide any and all *related* cases challenging California and District Court licensing and bar admission rules.

17. Plaintiff thus requests that this Pre-Filing injunction be vacated based on changes in the law and facts developed since this injunction was levied. Plaintiff also presents a facial and as applied First Amendment challenge to pre-filing Orders imposed on members of the bar. Plaintiff presents a facial and as applied Due Process challenge to pre-filing Orders imposed on members of the bar by a single judge.

### FIRST CAUSE OF ACTION
### VIOLATION OF THE PETITION CLAUSE

18. The foregoing allegations and the allegations in the subsequent causes of action are incorporated herein by reference.

19. The Ninth Circuit is "bound by decisions of prior panels unless an *en banc* decision, Supreme Court decision, or subsequent legislation undermines those decisions." (citations and internal quotation marks omitted)). *Sosa, infra*, 437 F. 3d at fn. 3 (citing *Baker v. Delta Air Lines, Inc.*, 6 F.3d 632, 637 (9th Cir. 1993)

20. United States Supreme Court and Ninth Circuit decisions filed after the 1999 pre-filing Order undermine its validity. These decisions include: *Citizens United v. Federal Election Com'n*, __ U.S.___, 130 S. Ct. 876, 891 (2010)("Courts, too, are bound by the First Amendment."); *BE&K Constr. Co. v. NLRB*, 536 U.S. 516 (2002)("For a suit to violate the …laws, then, it must be a sham both objectively and subjectively."); *Sosa v. DirecTV, Inc.*, 437 F. 3d 923, 930 (9th Cir. 2006); *Molski v. Evergreen Dynasty Corp.*, 521 F. 3d 1215, 1216-17(9th 2008); *Weissman v. Quail Lodge, Inc.*, 179 F. 3d 1194 (9th Cir.1999); *Maldonado v. Harris*, 370 F.3d 945, 955 (9th Cir. 2004).

21. As noted above, Judge ILLSTON cited for the basis of this pre-filing Order Fed. Rule of Civ. Proc. 11, the Court's inherent authority, *Moy v. US*, 906 F. 2d 467 (9th Cir. 1990), and plaintiff's having filed other unsuccessful challenges to California's licensing rules for sister-state attorneys, and two other cases where Rule 11 sanctions were issued against plaintiff for challenging California licensing rules for sister-state attorneys. *Ibid.* at 1144-46. Each of these grounds is insufficient to justify a pre-filing Order in light of the cases cited in the preceding paragraph and the First Amendment right to petition and the immunity it provides.

22. The Supreme Court has long recognized that for the Petition Clause to be a meaningful protection of the democratic process, citizens must be immune from some forms of liability for their efforts to persuade government officials to adopt policy or perform their functions in a certain way. *Eastern RR Presidents Conference v. Noerr Motor Freight, Inc.*, 365 U.S. 127, 81 S.Ct. 523, 5 L.Ed.2d 464 (1961). Under the Noerr-Pennington doctrine, those who petition any department of the government for redress are generally immune from statutory liability for their petitioning conduct. *Sosa v. DirecTV, Inc.*, 437 F. 3d 923, 929 (9th Cir. 2006)

23. The Noerr-Pennington doctrine "stands for a generic rule of statutory construction, applicable to any statutory interpretation that could implicate the rights protected by the Petition Clause." *Sosa v. DirecTV, Inc., supra*, 437 F. 3d 923, 931 (9th Cir. 2006) ","The Noerr-Pennington doctrine is not limited to the antitrust context, but "applies equally in all contexts". Id. Genuine petitioning is immune from liability, but sham petitioning is not. *BE&K Constr. Co. v. NLRB*, 536 U.S. 516 (2002). In *Professional Real Estate Investors v. Columbia Pictures Industries, Inc.*, 508 U.S. 49, (1993) the Court adopted a two-part definition of sham …litigation: first, it "must be objectively baseless in the sense that no reasonable litigant could realistically expect success on the merits"; second, the litigant's subjective motivation must "concea[l] an attempt to interfere directly with the business relationships of a competitor . . . through the use [of] the governmental process — as opposed to the outcome of that process — as an anticompetitive weapon." 508 U.S., at 60-61 (internal quotation marks omitted). **"For a suit to violate the …laws, then, it must be a sham both objectively and subjectively."** (emphasis added) *BE&K Constr., supra*, 536 U.S. at 527.

24. In *BE&K*, "At issue today is not the standard for enjoining ongoing suits but the standard for declaring completed suits unlawful." *Ibid. BE&K* expressly re-wrote the law both for declaring completed lawsuits unlawful, and for enjoining further suits on the basis that the completed suit is unlawful. *BE&K* fundamentally changed the petition rules, much like DNA sequencing revolutionized blood analysis, and Einstein's Special Theory of Relativity that space and time were relative transformed Newtonian classic physics.

25. Judge ILLSTON in her pre-filing Order did not find the challenge to be a **sham objectively or subjectively**. (emphasis added) This challenge could not have been a sham because there were no published cases challenging California's *pro hac vice* admission rule. There were numerous holding *pro hac vice* admission is constitutionally protected. It is thus questionable as to whether this 1999 *pro hac vice* challenge was frivolous, even in 1999, in light of subsequent changes in the law.

26. Judge ILLSTON primarily justified the pre-filing Order based on Rule 11. Rule 11 by itself does **not** provide the textual foundation for the issuance of a pre-filing Order. As stated by Judge ILLSTON in *Paciulan v. George, Ibid.* at 1144:

> "The test imposed by Rule 11 is an objective one. *See Zaldivar v. City of Los Angeles*, 780 F.2d 823, 831 (9th Cir. 1986). The certification requirements of Rule 11 are violated "if the paper filed . . . is frivolous, legally unreasonable or without factual foundation, even though . . . not filed in subjective bad faith."

In other words, the test for imposing Rule 11 sanctions is far less than a finding of a subjective and objective sham that is required to punish the filing of a lawsuit under *BE&K Constr.*, 536 U.S. at 527, as a common cold is distinguishable from cancer that has metastasized.

27. Rule 11 is designed to deal on a case-by-case basis with false factual allegations. *See* FED.R.CIV.P. 11(b)(3), (c)(1) (requiring an attorney or unrepresented party to certify that "the factual contentions [contained in a pleading or motion] have evidentiary support" and permitting sanctions on "any attorney, law firm, or party that violated the rule or is responsible for the violation"). *Molski*, 521 F. 3d at 1220.

28. Additionally, the pre-filing order should be vacated because in *Weissman v. Quail Lodge, Inc.*, 179 F. 3d 1194 (9th Cir.1999), the Ninth Circuit expressly held: "We therefore conclude that an attorney appearing on behalf of a client cannot be sanctioned as a vexatious litigant; by definition, he or she is acting as an attorney and not as a litigant." Plaintiff as a member of the bar cannot be construed as a vexatious litigant.

29. Judge ILLSTON further cited for the basis of the pre-filing Order *Moy v. US, supra*, 906 F. 2d 467 (9th Cir. 1990), However, the pre-filing Order in *Moy* was not against an attorney. *Moy* is inapplicable in light of *Weissman v. Quail Lodge, Inc., supra*.

30. Judge ILLSTON further cited for the basis of the pre-filing Order that plaintiff was litigious and that he had unsuccessfully filed other cases challenging California licensing rules for sister-state attorneys. However, because it interferes with the basic right of court access, "[a]n injunction cannot issue merely upon a showing of litigiousness." Id. "[M]ere litigiousness alone does not support the issuance of an injunction." *Molski*, 521 F. 3d at 1217

31. Judge ILLSTON further cited for the basis of the pre-filing Order the Court's inherent authority. However, the District Court does not have inherent authority to violate objective and subjective sham requirements in *BE&K* necessary to declare a completed lawsuit unlawful and enjoin further lawsuits.

32. Another recent change in the law that warrants vacating the pre-filing order is the Ninth Circuit has declared that it "join[s] the Fourth Circuit in expressing serious doubts that a facial challenge under the First Amendment can ever be barred by a statute of limitations." *Maldonado v. Harris*, 370 F.3d 945, 955 (9th Cir. 2004) (citing *Nat'l Adver. Co. v. City of Raleigh*, 947 F.2d 1158, 1168 (4th Cir. 1991)). If a facial challenge under the First Amendment can never be barred by a statute of limitations, then it follows a facial First Amendment challenge can never be barred by a pre-filing order.

33. Judge ILLSTON's 1999 pre-filing order, today thirteen years later, continues to disable plaintiff's First Amendment rights. Pre-filing orders infringe the fundamental right to access the courts. "Consequently, a determination that a litigant has repeatedly filed frivolous and harassing lawsuits itself implicates his First Amendment interest in access to the courts." *Molski*, 521 F. 3d at 1216. "This pre-clearance requirement is in itself a serious imposition on the right to access the courts: "Among all other citizens, he is to be restricted in his right of access to the courts. As far as he is concerned, his future filings run the risk of delay and even possible rejection before he can call upon defendants to respond to those filings. . . . We cannot predict what harm might come to him as a result, and he should not be forced to predict it either. What

he does know is that a Sword of Damocles hangs over his hopes for federal access for the foreseeable future." *Molski*, 521 F. 3d at 1216-17.

34. The Supreme Court concluded that a finding that a lawsuit was illegal "is a burden by itself," because various legal consequences flow from such a finding and because such a finding "poses the threat of reputational harm that is different and additional to any burden posed by other penalties." *BE&K Construction Co. v. NLRB*, 536 U.S. at 530; *Sosa v. DirecTV, Inc.*, 437 F. 3d 923, 930 (9th Cir. 2006)[1]

35. The government bears the burden of proof to uphold the validity of this pre-filing injunction and the First Amendment discrimination within it under the strict scrutiny standard of review. It cannot meet this burden of proof.

## SECOND CAUSE OF ACTION
## PRIOR RESTRAINT

36. The foregoing allegations and the allegations in the subsequent causes of action are incorporated herein by reference.

37. The genuineness of a grievance does not turn on whether it succeeds. "Even unsuccessful but reasonably based suits advance some First Amendment interests. Like successful suits, unsuccessful suits allow the "'public airing of disputed facts,'" and raise matters of public concern. They also promote the evolution of the law by supporting the development of legal theories that may not gain acceptance the first time around. Moreover, the ability to lawfully prosecute even unsuccessful suits adds legitimacy to the court system as a designated alternative to force. *BE&K*, 536 U.S. at 532

38. Enjoining a lawsuit can be characterized as a prior restraint. *BE&K.*, 536 U.S at 530 A "prior restraint" on the exercise of First Amendment rights, comes to the court "bearing a heavy presumption against its constitutional validity." *Vance v. Universal Amusement Co., Inc.* 445 U.S. 308, 317, (1980) (quotations omitted); This heavy presumption is justified by the fact that "prior restraints on speech ... are the most serious and the least tolerable infringement on

---

[1] To be upheld as a constitutional time, place or manner restriction a permit requirement applying to First Amendment activity must "(1) be content-neutral, (2) be narrowly tailored to serve a significant government interest, and (3) leave open ample alternative channels of expression." *Ward v. Rock Against Racism*, 491 U.S. 781, 789-90 (1989). Pre-filing Orders are not time, place or manner restrictions because they are not content neutral.

COMPLAINT - 10

First Amendment rights." *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 559, 96 S.Ct. 2791, 2803, 49 L.Ed.2d 683 (1975). The government cannot meet this burden of proof.

39. As in *Romer v. Evans*, 517 U.S. 620 (1996) where the State of Colorado arbitrarily and irrationally singled out and unlawfully targeted homosexuals via a prior restraint, the 1999 pre-filing order singles out plaintiff and targets his advocacy via a prior restraint. As in *Romer v. Evans*, it cannot pass a rational basis standard of review. Prior restraints are presumptively unconstitutional because in the market place of ideas neither experts nor laymen have a crystal ball wherein they can predict the future.

## THIRD CAUSE OF ACTION
## OVERBREADTH

40. The foregoing allegations and the allegations in the subsequent causes of action are incorporated herein by reference.

41. The pre-filing order is overbroad because it does **not** set forth the objective and subjective sham standard of review required by *BE&K*. Plaintiff has been injured because the pre-filing Order has been interpreted to deny him the right to file genuine petitions for the redress of grievances without any finding of subjective and objective sham.

42. Thus, the 1999 pre-filing Order must be amended and vacated as a matter of law. Plaintiff is irreparably injured based on this overbroad prior restraint.

43. Additionally, other members of the bar, who like plaintiff have filed genuine grievances, have been targeted as in *Romer v. Evans* for championing locally unpopular claims, and restrained by similar pre-filing orders that have been levied without any prior finding of objective and subjective sham; and without any direction that any new complaint can only be restrained by a finding of objective and subjective sham.

## FOURTH CAUSE OF ACTION
## VIEWPOINT & CONTENT DISCRIMINATION

44. The foregoing allegations and the allegations in the subsequent causes of action are incorporated herein by reference.

45. "'Viewpoint discrimination is . . . an egregious form of content discrimination,' and occurs when 'the specific motivating ideology or the opinion or perspective of the speaker is the *rationale* for the restriction [on speech].' " *Truth v. Kent Sch. Dist.*, 542 F.3d 634, 649-50 (9th Cir. 2008). The pre-filing order was levied because of the specific motivating ideology or the

opinion or perspective of the plaintiff. That is retaliation for challenging California licensing rules for sister-state attorneys. The pre-filing order is an "an effort to suppress expression merely because public officials oppose the speaker's view." *Ibid.* at 650. The rationale for this pre-filing restriction on speech is invalid.

46. The central and unifying theme of pre-filing Orders that have been entered by a single judge against attorneys in good standing is their championing locally unpopular claims: Their viewpoint. Pre-filing orders entered against members of the bar constitute viewpoint discrimination, content discrimination, and censorship; therefore, constitutionally invalid.

## FIFTH CAUSE OF ACTION
## VIOLATION OF THE DUE PROCESS CLAUSE

47. The foregoing allegations and the allegations in the subsequent causes of action are incorporated herein by reference.

48. No one person can be the definitive authority on any complex topic, whether it is science or law. Charles Darwin in his *Origin of Species* argued for an evolutionary natural selection and an ancient earth. Lord Kelvin was the most famous physicist of his time. His specialty was thermodynamics, the study of heat. Lord Kelvin used his calculations for the age of the earth to disprove Darwin's hypothesis. Lord Kelvin assumed that he was right and all of geology and evolutionary biology was wrong. Many swore by Lord Kelvin. It turns out that there were several missing pieces of information like radioactivity and DNA. The scientific consensus today is Lord Kelvin was wrong. In law, *Lawrence v. Texas*, 539 U.S. 558 (2003) held that a statute making it a crime for two persons of the same sex to engage in certain intimate sexual conduct is unlawful, over-ruling *Bowers v. Hardwick*, 478 U. S. 186 (1986). Likewise, the American Bar Association has several times formally recommended that state and Federal District Courts should adopt admission on motion privileges for all attorneys, the identical relief Plaintiff has advocated. The lesson to be learned here is that sovereign authority in a democracy should never rest in one individual, no matter how famous or successful their career. Any individual can be wrong, no matter how brilliant or how successful they have been.

49. Judge ILLSTON's viewpoint has been cast in cement since she served in private practice representing the California Supreme Court on the *Futures Commission* (1995). A Commission composed of 30 distinguished California lawyers and judges who unanimously recommended that the State of California provide bar admission on motion to sister-state

attorneys with three years of experience. It unanimously recommended that Federal District Courts should also provide reciprocal admission to sister-state attorneys. Judge ILLSTON from the beginning should have recused herself under 28 U.S.C.§ 455(b).

"(b) He shall also disqualify himself in the following circumstances:

(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

(2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;

(3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;"

50. Under Section 455(b) disqualification is mandatory because Judge ILLSTON in private practice served in government employment as an advisor for the California Supreme Court on bar admission issues for sister-state attorneys. She was a material witness to the *Futures Commission*'s evidence gathering, discussions, and recommendations. She also has personal knowledge of disputed facts that were the basis of the *Futures Commission*'s recommendations. She is also plainly biased against Plaintiff and in favor of the California Supreme Court in light of the pre-filing Order Sword of Damocles.

51. KOZINSKI, Chief Judge, with whom Judges REINHARDT, W. FLETCHER and PAEZ join, dissenting from the order denying the petition for rehearing en banc in *Molski* have stated:

"A member of a multi-judge court should not be able to single-handedly cut off one party or law firm's access to all the other judges of the court.....Enforcement of the order, too, should not be entrusted to the judge who entered it, as he may take an unduly broad view as to its scope. Far wiser, and fairer, to have other judges, drawn at random, enforce the order in future cases." *Molski*, 521 F. 3d at 1221.

52. As noted above, Judge ILLSTON has repeatedly assigned herself to all cases filed by plaintiff, single-handedly cutting off plaintiff's access to the Northern District of California.

COMPLAINT - 13

53. "There are alternative mechanisms for addressing the perception that a litigant or lawyer is engaged in widespread litigation abuse — mechanisms that do not allow one judge, acting alone, to bar the courthouse door in perpetuity." *Molski*, 521 F. 3d at 1220. Judge ILLSTON acting alone has barred the courthouse door in perpetuity, violating plaintiff's clients' right to access to the Court.

53. "The district court had no power to make such findings, nor a record to base them on, because it never held an evidentiary hearing.".... "no witnesses testified, no evidence was presented, there was no cross-examination and there were no evidentiary rulings-in short, there was no trial." *Molski*, 521 F. 3d at 1221. Plaintiff in the appeal of the pre-filing Order in 1999's primary mission was to protect his clients. Thus, the 1999 pre-filing Order, which conceals the *California Futures Commission's* findings, deprives Plaintiff of Due Process for the reasons set forth in *Molski*.

WHEREFORE, plaintiff requests the following relief:

1. An Order vacating the 1999 pre-filing order and an injunction preventing its future enforcement.

2. An Order declaring pre-filing orders cannot be entered against members of the bar without a finding that the lawsuit is a sham objectively and subjectively.

3. An Order declaring that pre-filing orders cannot be entered against members of the bar without language stating that future cases cannot be enjoined without a finding that the proposed filing is a sham objectively and subjectively.

4. An Order declaring pre-filing orders cannot be entered by single judge of a multi-judge court.

5. An Order declaring that a pre-filing order entered by single judge of a multi-judge court cannot be assigned to that same judge for enforcement.

6. Costs.

7. Attorney fees.

8. Such other relief as is warranted.

Dated: August 8, 2012

Respectfully submitted,

/s/ **Grant Joseph Savoy**,

Grant Joseph Savoy, Esq.
For Plaintiff

COMPLAINT - 14