IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO AND OAKLAND DIVISIONS

| | |
|---|---|
| TANESHA WALLS BLYE, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> CALIFORNIA SUPREME COURT, et al., <br><br> Defendants. | 3:11–cv–5046–DWM <br><br><br><br><br> ORDER |
| JOSEPH ROBERT GIANNINI, <br><br> Plaintiff, <br><br> vs. <br><br> UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, et al., <br><br> Defendants. | 3:12–cv–4289–DWM |

| | |
|---|---|
| JOSE J. GARCIA, et al.,<br><br>           Plaintiffs,<br><br>    vs.<br><br>CALIFORNIA SUPREME COURT, et al.,<br><br>           Defendants. | 4:12–cv–4504–DWM |

   The Court ordered parties in the above captioned matters to show cause as to whether the cases should be consolidated. A court may consolidate actions involving a common question of law or fact, Fed. R. Civ. P. 42(a), and acts with broad discretion in considering whether to order consolidation. *Investors Research Co. v. U.S. Dist. Court for Cent. Dist. of California*, 877 F.2d 777, 777 (9th Cir. 1989). The Court balances the interest of judicial convenience and expediency against any potential for delay, confusion, or prejudice caused by entering a consolidation order. *Southwest Marine, Inc. v. Triple A Mach. Shop, Inc.*, 720 F. Supp. 805, 807 (N.D. Cal. 1989), *accord Minjares v. NorthWestern Corp.*, 2011 WL 4104916 at *2 (D. Mont. 2011).

   The effect of entry of an order to consolidate is somewhat unsettled under

Ninth Circuit law. By the traditional rule, in place prior to the adoption of Rule 42, consolidation did not merge the underlying actions or affect the rights or configuration of the parties. *Sullivan v. Mahoney*, 2009 WL 1451698 at *2 n.1 (D. Mont. 2009). Most courts of appeal have followed this view, *see Schnabel v. Lui*, 302 F.3d 1023, 1035 (9th Cir. 2002), but the Ninth Circuit has taken a more nuanced view of the effect of consolidation, often conditioning the answer on the context of the case and the rights asserted by the parties, *see id.* at 1035-36.

In each of the cases before the Court here, Plaintiffs and the State Defendants consent to consolidation while the Federal Defendants raise objections related to the uncertainty surrounding the effect of consolidation under Ninth Circuit law. Federal Defendants' uncertainty as to the effect of consolidation is a valid concern; it raises the possibility of confusion or prejudice which weighs against any administrative efficiency gained by consolidating the matters at this stage. Accordingly, rather than formally consolidating the cases under Rule 42, the Court will simply coordinate these three related cases for briefing and hearings. While there are common issues of law and fact warranting common administration of the cases before the Court, the parties' interests and arguments in each case are not unified in all respects. Therefore each action will retain its separate character and require the entry of separate orders and judgments. And in each case all parties will have the opportunity to brief and argue matters independently. Moving

forward, filings by the parties in these matters shall refer to the appropriate case and caption rather than the unified caption above.

    IT IS SO ORDERED.

    DATED this 3rd day of December, 2012.

DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT