IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOSEPH ROBERT GIANNINI,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NORTHERN CALIFORNIA, CHIEF JUDGE JAMES WARE, WILLIAM ALSUP, EDWARD M. CHEN, SUSAN Y. ILLSTON, RICHARD SEEBORD, JEFFREY S. WHITE, SAUNDRA BROWN ARMSTRONG, PHYLLIS J. HAMILTON, CLAUDIA WILKEN, EDWARD DAVILA, LUCY KOH, and YVONNE GONZALEZ ROGERS,<br><br>Defendants. | 3:12-cv-04289-DWM<br><br>ORDER |

**I.     Introduction**

Joseph Robert Giannini filed this case seeking declaratory and injunctive relief from a pre-filing order (the *Paciulan* pre-filing order). That order requires him to present any complaint challenging the regulation of or admission to the

practice of law in California to the Chief Judge of this court for review and approval before filing. He did not do so in this case. Plaintiff has named twelve individual Article III judges and the United States District Court for the Northern District of California as Defendants. All of the Defendants have moved to dismiss the complaint. Giannini responded to the motion to dismiss and at the same time filed a motion for summary judgment which was incorporated by reference in his response to the motion to dismiss.

Attorney Giannini has a 25-year history of filing lawsuits challenging the regulation of the practice of law in California on constitutional grounds.[1] In *Paciulan*, the genesis of the pre-filing order, Judge Illston found "abundant evidence that this case is legally frivolous and was filed for an improper purpose." *Paciulan v. George*, 38 F. Supp. 2d 1128, 1146 (N.D. Cal. 1999).[2] Multiple lawsuits instigated by Mr. Giannini establish a long history of litigation

---

[1] Plaintiff has challenged federal and state rules governing the admission to practice law in California in the following cases: *Giannini v. Committee of Bar Examiners*, 847 F.2d 1434 (9th Cir. 1988); *Giannini v. Real*, 911 F.2d 354 (9th Cir. 1990), *cert. denied*, 498 U.S. 1012 (1990); *Morissette v. Yu*, No. 92-03252 (C.D. Cal. 1992); *Morissette v. Yu*, No. 92-03253 (C.D. Cal. 1992); *Morissette v. Yu*, No. 93-56288 (9th Cir. Mar. 8, 1994); *McKenzie v. George*, No. 97-0403 (N.D. Cal. 1997); *McKenzie v. Wilson*, No. 98-0580 (N.D. Cal. 1998); *Paciulan v. George*, 38 F. Supp. 2d 1128 (N.D. Cal. 1999); *Blye v. Kozinski*, 466 Fed. Appx. 650 (9th Cir. 2012); *Blye v. California Supreme Court*, No. 11-80153 (N.D. Cal. 2011); *Blye v. California Supreme Court*, No. 11-05046 (pending before this Court); *Garcia v. California Supreme Court*, No. 12-04504 (stayed before this Court).

[2] Frivolous in a legal context means time-wasting, pointless or insignificant because of its legal history or improper purpose.

challenging admission to and regulation of the practice of law in California. *Id*. at 1146-47. The *Paciulan* pre-filing order constrains Plaintiff from filing new cases challenging the regulation of the practice of law in California either as an attorney or a party unless he first obtains leave of the Chief Judge of this Court. *Id*. at 1147. The reasonable limitation on new cases mandates only that Mr. Giannini submit a declaration showing the matters in the new case have not been previously raised by him, either as an attorney or party, or disposed of in federal or state court; that the claims were not frivolous or made in bad faith; and that he conducted a reasonable investigation into the facts before filing the matter. *Id*.

In this particular case Mr. Giannini seeks modification or dissolution of Judge Illston's *Paciulan* pre-filing order. Defendants want his case dismissed because the Court lacks jurisdiction to entertain this relief, or alternatively, the complaint does not present a claim for which relief might be granted.

## II. Discussion

The jurisdictional aspects of the motion to dismiss must be addressed first because jurisdiction is a threshold matter which limits the judicial power of the federal courts to decide the merits of a case. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998). Dismissal under Rule 12(b)(1) is proper when a court lacks subject matter jurisdiction over a claim. The principle

underlying this proposition is that federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). "[A] court of the United States may not grant relief absent a constitutional or valid statutory grant of jurisdiction." *U.S. v. Bravo-Diaz*, 312 F.3d 995, 997 (9th Cir. 2002). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). "When subject matter jurisdiction is challenged under Fed. R. Civ. P. 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495, 499 (9th Cir. 2001).

In my view this case must be dismissed under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. Attorney Giannini lacks standing to sue Judges Alsup, Chen, Seebord, White, Armstrong, Hamilton, Davila, Koh, and Rogers named in the complaint. As to the Chief Judges Ware and Wilken and Judge Illston, judicial immunity is an absolute bar to the Court's authority to hear the case. These rulings are made understanding that the *Paciulan* pre-filing order does not bar this lawsuit, and that the challenge to the pre-filing order is misdirected. "The road not taken" to challenge the terms of Judge Illston's order in the past is the one that dictates Giannini seek relief from the effects of that

4

constraint either by appeal or by extraordinary writ, not through injunctive and declaratory relief against a multiplicity of federal judges and the Court.

**A.     The *Paciulan* Pre-Filing Order**

The *Paciulan* pre-filing order prevents Plaintiff from filing further actions in this Court, either as an attorney or party, challenging regulation of the practice of law in California, without first seeking leave and approval from the Chief Judge. *Paciulan*, 38 F. Supp. 2d at 1146-47. This particular suit is not barred by the pre-filing order, because it is not a direct challenge to admission to and regulation of the practice of law in California. Rather, it is a challenge to the pre-filing order itself.

The All Writs Act, 28 U.S.C. 1651(a), grants the court inherent judicial power to enter pre-filing orders regarding vexatious, and repeated litigation by the same party or person. *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007); *see also Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1524 (9th Cir. 1983) (holding district courts have power to reinforce effects of the preclusion doctrines by issuing an injunction against repetitive litigation). *Molski* articulated four factors district courts are to consider before entering a pre-filing order: (1) notice and opportunity to be heard, (2) creation of an adequate record, (3) findings of frivolousness or harassment, and (4) tailoring

of the order to prevent abusive behavior. *Id.* at 1057-58. Each of these factors is met in the *Paciulan* pre-filing order. Judge Illston's order is not subject to modification based on the record in this case.

There is no procedural defect to the *Paciulan* pre-filing order because Giannini was afforded notice and an opportunity to be heard and the Court created an adequate record for appellate review. Before entering the order, Judge Illston heard argument on two occasions—July 24 and September 4, 1998. At the first hearing, Plaintiff requested a continuance, which was granted. The Court asked for supplemental briefing on the issue of sanctions, which Plaintiff filed late. Even though the Giannini's supplemental filing about sanctions was not timely, Judge Illston considered it before crafting the well-reasoned pre-filing order following the second hearing. Attorney Giannini chose the road less traveled and did not challenge the pre-filing order in his appeal. Because of this tactical decision the Court of Appeals determined review of the pre-filing order had been waived. *Paciulan*, 229 F.3d at 1230.

Judge Illston made substantive findings about the frivolous and harassing nature of Plaintiff's litigation. In the *Paciulan* pre-filing order, Judge Illston explained in detail that Plaintiff's claims had been previously rejected by at least two courts and that only frivolous warrants were offered in support of Plaintiff's

6

argument that the law had changed. *Id*. The *Paciulan* pre-filing order is narrow in scope. It is limited to a category of litigation about admission to and regulation of the practice of law in the state and federal courts in California. *Id*. at 1147. When the order was entered, Mr. Giannini had filed and lost no fewer than six such cases, including complaints "raising virtually identical claims on virtually identical grounds." *Id*. The narrow tailoring of the order impacts Plaintiff's frivolous and harassing conduct while leaving him free to file other types of cases.

Insisting that the pre-filing order precludes this case is misplaced. The complaint challenges the validity of the pre-filing order; it does not present challenges to admission to or regulation of the practice of law in California. Consequently the pre-filing order is no bar to the challenge.

Part of what Giannini wants is to modify the pre-filing order. Citing *United States v. Swift & Co.*, he insists a court retains power to modify an injunction in light of changed circumstances. 286 U.S. 106 (1932). In the same vein he claims Fed. R. Civ. P. 60(d)(1) gives a court the power to hear a challenge seeking to relieve a party from a judgment, order, or other proceeding.

Neither of these authorities support the modification or dissolution of the pre-filing order entered by Judge Illston. *Moy v. United States* sets out a roadmap for challenging a pre-filing order. 906 F.2d 467 (9th Cir. 1999). In *Moy*, a litigant

subject to a pre-filing order appealed its entry to the circuit court. *Id*. at 470. The panel found jurisdiction to review the appeal. *Id*. In this context, it is fair to infer the proper way for Mr. Giannini to challenge the *Paciulan* pre-filing order is either to appeal the order in the first instance or seek an extraordinary writ from the Court of Appeals.

**B.    Standing**

Attorney Giannini has no standing to bring this suit against Judges Alsup, Chen, Seebord, White, Armstrong, Hamilton, Davila, Koh, and Rogers. Standing is "an essential and unchanging part of the case or controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). To establish "a case or controversy" within the meaning of Article III, a plaintiff must show she has suffered (1) an injury in fact that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) a causal connection between the injury and the conduct complained of; and (3) that it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Id*. at 560-61. "The party invoking federal jurisdiction bears the burden of establishing these elements." *Id*. at 561.

Neither in his complaint nor on briefs or at argument was Giannini or his counsel able to make a specific claim of injury directly traceable to an act of

Judges Alsup, Chen, Seeborg, White, Armstrong, Hamilton, Davila, Koh, or Rogers. "A plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Allen v. Wright*, 468 U.S. 737, 751 (1984) (citing *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982)). The failure here, among others, is that Plaintiff's standing arguments focus entirely on conjecture that future suits will be blocked by the judges of this Court based on the *Paciulan* pre-filing order. This restatement of the substantive legal argument in Giannini's complaint does not show a case or controversy exists as to Judges Alsup, Chen, Seeborg, White, Armstrong, Hamilton, Davila, Koh, or Rogers. They had and have nothing to do with this lawsuit. There is no specific injury attributable to any of these judges that could be redressed by a favorable decision to Mr. Giannini on the merits in this case. There is no standing to sue any of these judicial officers.

      Plaintiff does have standing to pursue his complaint against Judge Illston, as she is the judicial officer who entered the pre-filing order. He has identified acts by Judge Illston in entering and enforcing the pre-filing order which constrain his ability to file repeated or vexatious suits over state and federal bar admission rules in California.

Likewise he has standing to pursue his complaint against the Court and the Chief Judge.[3] The acts of the Northern District and its Chief Judge are distinguishable from the other judicial defendants because the pre-filing order enlists the administrative power of the Chief Judge to determine the viability of Mr. Giannini's claims pursuant to the terms of the pre-filing order and invokes the authority of the Northern District of California in enforcing its terms. According to the *Paciulan* pre-filing order, Plaintiff has to present any challenge to the California Bar Examination to the Chief Judge for review before the case is filed. *Paciulan*, 38 F. Supp. 2d at 1147. The *Paciulan* order is an ongoing and continuous regulation of Plaintiff's right to file claims in the Northern District federal court. The relief Plaintiff seeks, an injunction or declaratory judgment vacating the order, could redress this purported harm. "It can scarcely be doubted that, for a plaintiff who is injured or faces the threat of future injury due to illegal conduct ongoing at the time of suit, a sanction that effectively abates that conduct and prevents its recurrence provides a form of redress." *Friends of the Earth, Inc.v. Laidlaw Environmental Services, Inc.*, 528 U.S. 167, 185-86 (2000).

There are sufficient allegations of injury in fact caused by the remaining

---

[3] Judge James Ware is identified as "Chief Judge" in the caption of the complaint. Judge Ware has since retired. Judge Claudia Wilkin is now Chief Judge of this Court.

defendants that could be redressed by a favorable decision on the merits in this action. Giannini has standing to pursue his claims against the Northern District, and Judges Illston, Ware, and Wiliken. As to Judges Alsup, Chen, Seeborg, White, Armstrong, Hamilton, Davila, Koh, and Rogers Plaintiff has not met his burden to establish standing; claims against these defendants are dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(1).

**C.     Immunity**

Judges of this Court are absolutely immune from suit under the doctrine of judicial immunity. The Court and its officers are similarly immune under the doctrine of quasi-judicial immunity. These conclusions, taken together, are sufficient grounds for dismissal with prejudice of the remaining defendants pursuant to Federal Rule 12(b)(1).

Judicial immunity bars lawsuits against judges for acts undertaken in their judicial capacity while acting on proper jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). The doctrine protects "judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants." *Forrester v. White*, 484 U.S. 219, 225 (1988). "The judicial or quasi-judicial immunity available to federal officers is not limited to immunity from damages, but extends to actions for declaratory, injunctive and other equitable relief." *Mullis v.*

*Bankruptcy Court for the District of Nevada*, 828 F.2d 1385, 1394 (9th Cir. 1987).

There are limits to judicial immunity. "A judge lacks immunity when he acts 'in the clear absence of all jurisdiction,' or performs an act that is not 'judicial' in nature." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (internal citations omitted). The Ninth Circuit has identified four factors to apply in deciding whether an act was judicial in nature. The things to be considered are whether: "(1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers, (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity." *Duvall v. County of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001).

Entry and continued enforcement of the *Paciulan* pre-filing order is undeniably a judicial act. Such orders entered to restrict behavior of vexatious litigants are a normal judicial function, drawing on a court's inherent authority to manage its affairs. *See* 28 U.S.C. § 1651; *Molski*, 500 F.3d at 1057. A vexatious litigant restriction centers on cases proposed or pending before the Court. Challenge to such an order is an event arising directly and immediately out of confrontation with a judge in his or her official capacity. Under these principles and the factors articulated by the Court of Appeals in *Duvall*, Judges Wilken,

Ware, and Illston are immune from suit for issuing and enforcing the pre-filing order.

Mr. Giannini takes the position that the principle of judicial immunity does not bar prospective injunctive relief against a judicial officer acting in an official capacity. He cites *Pullam v. Allen* for this proposition. 466 U.S. 522 (1984). He also argues the Court's decision in *Frazier v. Heebe, Chief Judge, United States District Court for the Eastern District of Louisiana* exercised supervisory, regulatory responsibility over rules of admission and supports the finding of jurisdiction for the Court to hear the case. 482 U.S. 641 (1987).

*Mullis* is binding authority for the notion that declaratory and injunctive relief is not available against federal judicial officers protected by the doctrine of judicial immunity. In *Mullis*, the Ninth Circuit rejected a request for declaratory and injunctive relief against a judicial officer, holding that where a "federal official meets the prerequisites for judicial or quasi-judicial immunity from damages, there will invariably be an adequate remedy through either ordinary appeals or by extraordinary writ."[4] 828 F.3d at 1391. The *Mullis* court reasoned that a grant of injunctive relief would permit a horizontal appeal from judicial

---

[4] Plaintiff declined to challenge the *Paciulan* pre-filing order on appeal. *See Paciulan*, 229 F.3d at 1230.

13

rulings and recognized the impropriety of such a collateral attack. *Id.* at 1393.

*Pullam* provides no harbor to Plaintiff's claim against the federal judicial Defendants. The Supreme Court decided *Pullam* based on the legislative history of 18 U.S.C. § 1983, concluding that history showed an intent to abrogate judicial immunity in those cases. 466 U.S. at 540-43. This case is not a § 1983 action and the holding in *Pullam* is accordingly not on point. *Mullis* provides absolute immunity for judicial officers in the context of this lawsuit even where declaratory and injunctive relief is the remedy sought. The Ninth Circuit discussed *Pullam* in its decision in *Mullis*, rejecting its application to federal judicial officers outside the context of a § 1983 action and holding that procedures for appeal and extraordinary writ provide a remedy for review of claims of depravation of a federal constitutional right by federal judicial officials. *Mullis* 828 F.2d at 1394.

*Frazier* is similarly unhelpful to Plaintiffs. There, an attorney challenged the federal court's rules of admission, which were tied to a residency requirement, by extraordinary writ to the Fifth Circuit. 482 U.S. at 643-44. The Supreme Court found the district court's requirement that members of the Louisiana Bar who apply for admission to the federal district court bar live in or maintain an office in Louisiana was beyond the court's authority. *Frazier* 482 U.S. at 645. This holding is hand in glove with the Ninth Circuit precedent in *Mullis*, where the use of

extraordinary writ — not collateral attack — was the proper avenue for seeking relief from acts of a federal judicial official. It is worth noting that *Frazier* questioned a residence requirement, not a competency requirement.

Plaintiff has named the Northern District Court as a defendant. Defendants claim the Court and its officers are immune from suit under the doctrine of quasi-judicial immunity. Their analysis centers on the Clerk of Court. Although the Clerk of Court is not named as a defendant, Giannini's efforts to restrain or declare the rights of the Court implicate the authority of the Clerk of Court. There is no jurisdiction over this claim because "clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process." *Mullis*, 828 F.2d at 1390. Quasi-judicial immunity shields the Clerk of Court from Plaintiff's claims, just as the doctrine of judicial immunity absolutely bars claims against the remaining federal judicial defendants. To allow suits against the Clerk for complying with court rules and orders would be a certain invitation to mischief.

### III.  Conclusion

This case is dismissed for lack of subject matter jurisdiction. Plaintiff lacks standing to sue Judges Alsup, Chen, Seebord, White, Armstrong, Hamilton, Davila, Koh, and Rogers named in the complaint and the doctrine of judicial

immunity is an absolute bar to the Court's authority to hear this case as to Chief Judges Ware and Wilken as well as Judge Illston and the Northern District Court. Plaintiff's challenge to the *Paciulan* pre-filing order is misdirected. To challenge the terms of the order, controlling authority dictates that he seek relief by extraordinary writ, or timely appeal, rather than by seeking injunctive and declaratory relief against federal judges and the Court.

Accordingly, IT IS ORDERED Defendants' motion to dismiss (doc. 11) is GRANTED. This matter is dismissed with prejudice and the Clerk of Court shall close the case.

IT IS FURTHER ORDERED Plaintiff's motion for summary judgment (doc. 17) is DENIED.

DATED this 8th day of February, 2013.

_____
DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT